UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OPAL JEAN LENNIX,**<br>*Plaintiff*,<br><br>**VERSUS**<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC., MS. OLIVIA TATE, MS. SHENELL SEDE, AND MR. BRYAN SHRECKENGOST**<br>*Defendants*. | CIVIL ACTION NO:<br><br>SECTION:<br><br>DISTRICT JUDGE:<br><br>MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

Defendant, Fedex Ground Package System, Inc., ("Defendant") hereby removes the civil action entitled *Opal Jean Lennix v. Fedex Ground Package System, Inc., et al.,* Case No. 74610, Division "C," on the docket of the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana to the United States District Court for the Eastern District of Louisiana. In support of this removal, Defendant avers:

1. On October 11, 2019, Plaintiff, Opal Jean Lennix ("Plaintiff"), commenced this action by filing a Petition for Damages ("Petition") against Defendants in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

2. Defendant FedEx Ground Package System Inc. was served with a citation and a copy of the Petition on October 17, 2019.[1]

3. Ms. Olivia Tate, Ms. Shenell Shede, and Mr. Bryan Shreckengost have not been properly served with the Petition.

---

[1] Service was not properly affected under Louisiana law.

FP 36453190.1

4. In her Petition, Plaintiff makes claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* Both claims arise under federal law. Exhibit A.

5. On June 27, 2019, the United States Equal Employment Opportunity Commission issued Plaintiff Opal J. Lennix a Dismissal and Notice of Right to Sue. Exhibit B.

## FEDERAL QUESTION

6. This Court has original jurisdiction over Plaintiff's Complaint because it alleges violations of federal law under Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

## DIVERSITY

7. This Court may exercise diversity jurisdiction over Plaintiff's claims in that complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff at the time of filing of the Complaint and the time of removal was and is a citizen of the state of Louisiana. Defendant FedEx Ground Package Systems, Inc. at the time of filing of the Complaint and the time of removal was and is a Delaware Corporation with its principal place of business in Moon Township, Pennsylvania. FedEx is not a citizen of Louisiana. Defendant Bryan Shreckengost is a citizen of Pennsylvania and not a citizen of Louisiana. Defendants Shenell Shede and Olivia Tate, at the time of filing of the Petition and at the time of removal, were and are citizens of Louisiana. However, these

-3-

Defendants have been fraudulently joined solely for the purpose of defeating jurisdiction and therefore, their citizenship may be ignored.

8. Pursuant to the "fraudulent joinder" doctrine, the court may disregard the citizenship of the non-diverse Defendant for purposes of determining the existence of diversity jurisdiction, where the non-diverse Defendant has been joined to defeat diversity. *See Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1123 (5th Cir. 1987). Fraudulent joinder exists where there is "no arguably reasonable basis that state law might impose liability on the non-diverse Defendant." Id. (citing *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)). In considering fraudulent joinder, "the court must determine 'whether a Louisiana court would sustain an exception of no cause of action'." *LeBlanc v. Chevron*, 715 F.Supp. 735, 737 (E.D. La. 1989) (citing *Chevron, E.S.A. v. Aguillard*, 496 F.Supp. 1038 (M.D. La. 1980)).

9. Neither the Age Discrimination in Employment Act nor the American's with Disabilities Act provide a cause of action against a co-employee supervisor. *See Stults v. Conoco, Inc.*, 76 F.3d 651 (5th Cir. 1996)(ADEA) and *Starkman v. Evans*, 18 F. Supp. 2d 630, 632 (E.D. La. 1998), aff'd, 198 F.3d 173 (5th Cir. 1999).

10. As there is no cause of action against Ms. Shede or Ms. Tate, they have been fraudulently joined and the fact they are Louisiana citizens is disregarded in analyzing the court's diversity jurisdiction.[2]

11. Plaintiff seeks two-million dollars ($2,000,000) in damages. Therefore, the amount in controversy, exclusive of interests and costs, exceeds seventy-five thousand dollars ($75,000).

---

[2] This analysis applies to the purported claims against Mr. Shreckengost as well, but because he is of diverse citizenship from Plaintiff as a Pennsylvania citizen, it is not pertinent to the court's analysis of jurisdiction.

12. Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a), as the United States District Court for the Eastern District of Louisiana is the federal judicial district embracing St. John the Baptist Parish, Louisiana, where the state court action was filed and is currently pending.

13. Defendant is filing this Notice of Removal within 30 days of service of the Complaint. Thus, under 28 U.S.C. § 1446(b), Defendant's Notice of Removal is timely.

14. True and correct copies of all process, pleadings, and orders served upon Defendants in the state court action, other than the Complaint, are attached hereto, *in globo*, as Exhibit "C," as required by 28 U.S.C. § 1446(a).

15. All properly joined Defendants who have been served in the state court action have joined in and/or otherwise consented to the removal of this action, as required by 28 U.S.C. § 1446(b)(2).

16. In accordance with 28 U.S.C. § 1446(d), Defendant will give prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a true and correct copy of the Notice of Removal with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist. Exhibit D.

17. All other remaining prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

WHEREFORE, Defendant prays that further proceedings in the state court action be discontinued, and in accordance with the authorities cited herein, that this matter be recognized as removed and placed on the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Edward F. Harold*
EDWARD F. HAROLD
 La. Bar No. 21672
LARRY J. SOROHAN
 La. Bar No. 26120
**FISHER & PHILLIPS LLP**
201 St. Charles Ave., Suite 3710
New Orleans, LA 70170
Telephone: (504) 522-3303
Facsimile:  (504) 529-3850
Email:  edharold@fisherphillips.com
Email:  lsorohan@fisherphillips.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify by my signature below that on the 15th day of November 2019, I filed the foregoing Notice of Removal with the Clerk of Court through the CM/ECF system, and served *via* United States mail a true and correct copy of said filing to the following:

Ms. Opal Jean Lennix
613 Hancock Drive
Laplace, LA 70068

*/s/ Edward F. Harold*
EDWARD F. HAROLD